958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie TAYLOR, Plaintiff-Appellant,
v.
GOODYEAR TIRE & RUBBER CO., et al., Defendants-Appellees.
 No. 91-3812.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1992.
 
 Before RALPH B. GUY, JR., and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 This is an action to set aside a labor arbitration award. The district court dismissed the case as untimely. Shortly before the dismissal, the plaintiff informally requested the court to set aside a second arbitration award in which the procedural validity of the first award had been sustained. In dismissing the action the court instructed the plaintiff to let his lawyer file the appropriate papers to challenge the second award. Although ample time remained for such a challenge, the time expired without the appropriate papers having been filed. The plaintiff then moved for relief under Rule 60(b), Fed.R.Civ.P. The motion was denied, and the plaintiff has appealed. Finding no abuse of discretion by the district court, we shall affirm the denial of Rule 60(b) relief.
 
 
 2
 * The plaintiff, Eddie Taylor, was laid off from his job at Goodyear Tire & Rubber Co. in early 1980. He was recalled in 1983, but did not respond to the recall notice because he was incarcerated at the time. His employment was subsequently terminated by reason of his failure to report to work.
 
 
 3
 When he was released from prison in 1985, Mr. Taylor invoked the grievance procedure of the governing collective bargaining agreement to protest his termination. He argued that Goodyear should have considered him to be on leave of absence for illness, since he was being treated for mental illness while incarcerated.
 
 
 4
 The grievance went to arbitration, and an award in favor of the defendants was delivered on April 14, 1986. The action to vacate the award was not initiated until September 3, 1986. The defendants moved to dismiss the case under 9 U.S.C. § 12, which provides as follows: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."
 
 
 5
 At Mr. Taylor's request, the district court issued an order holding the motion to dismiss in abeyance pending resolution of further arbitration proceedings. It turned out that the further proceedings involved a second grievance in which it was asserted that the arbitral award was invalid because, contrary to the terms of the collective bargaining agreement, it was not issued within 30 days of the hearing. A second arbitration was held in November to determine whether the decision rendered in the first arbitration was valid despite having been issued late. The merits of the first grievance were not reheard at the second arbitration.
 
 
 6
 The validity of the first award was upheld in an arbitral award issued on December 1, 1986. On December 15, Mr. Taylor filed a motion pro se asking the district court to set aside the second award. The December 15 motion was not served on the defendants or their attorneys. On December 24 the district court granted the defendants' pending motion to dismiss, finding that the complaint was not timely under 9 U.S.C. § 12. The complaint dealt only with the first arbitration award, of course, and the district court's entry of dismissal noted that "the complaint as presently filed is untimely because it seeks to vacate the award issued April 14, 1986;" the new award, as the court recognized, was simply not within the scope of the complaint. The court's entry further noted that Mr. Taylor planned to hire a lawyer; in light of this fact, Mr. Taylor was advised "that it would be in his own best interests to stop filing papers with the Court himself and allow his attorney to file the appropriate papers on his behalf."
 
 
 7
 After the district court dismissed the case, and following certain proceedings not directly relevant to the issues presented in this appeal, Mr. Taylor filed motions which the district court construed as requests for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The motions were referred to a magistrate, who recommended that they be denied. The district court adopted the magistrate's recommendation and reiterated its conclusion that Mr. Taylor's complaint seeking to set aside the first award was time-barred. Mr. Taylor perfected a timely appeal from the denial of his Rule 60(b) motions.
 
 II
 
 8
 Rule 60(b), Fed.R.Civ.P., permits a district court to relieve a party from a final judgment upon a showing of "(1) mistake, inadvertence, surprise, excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." Appeal from a denial of relief under Rule 60(b) does not bring up the underlying judgment for review, and we review denial of a Rule 60(b) motion for abuse of discretion. Amernational v. Action-Tungsram, 925 F.2d 970, 975 (6th Cir.1991).
 
 
 9
 Mr. Taylor concedes that his action to vacate the first arbitration award was barred by 9 U.S.C. § 12, but he contends that the district court erred in ignoring the December 15 motion to vacate the second award; the court, he suggests, ought sua sponte to have dealt with the December 15 motion as a motion for leave to amend the complaint. The court's failure to amend the complaint having been called to its attention in the Rule 60(b) motion, Mr. Taylor argues, it was an abuse of discretion for the court not to reinstate the lawsuit.
 
 
 10
 We do not find the argument persuasive. Mr. Taylor had told the district court that he planned to hire a lawyer to handle his case for him, and the court's December 24 entry specifically instructed Mr. Taylor to allow his attorney to file the appropriate papers on his behalf. As of December 24, Mr. Taylor still had more than two months within which to make a proper challenge to the second arbitration award. Under these circumstances, we do not believe that the course taken by the district court represented an abuse of discretion. The judgment is therefore AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals for the Fifth Circuit, sitting by designation