38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Eddie TAYLOR, Plaintiff-Appellant,
v.
The GOODYEAR TIRE & RUBBER COMPANY, Defendant-Appellee.
 No. 93-4059.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MARTIN, NELSON and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Eddie Taylor, a pro se Ohio resident, appeals a district court judgment which construed Taylor's complaint as having been brought under Sec. 510 of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1140, and under Sec. 301 the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taylor was employed by Goodyear from June 27, 1968, until January 23, 1980. Taylor alleged that while he was on layoff status at Goodyear, he was incarcerated in an Ohio prison and was mentally ill. During his incarceration, Goodyear sent Taylor a recall letter on September 30, 1983, despite the fact that Taylor had informed Goodyear that he was incarcerated and being treated for mental illness. After Taylor was released from prison, Taylor requested that Goodyear recall him and retroactively classify him as on sick leave during his period of incarceration, and Goodyear refused to comply. Taylor alleged that it was Goodyear's intent to interfere with Taylor's attainment of benefits in the employee benefit plan and in his future participation in this plan in violation of ERISA, 29 U.S.C. Sec. 1140, and in violation of "a collective bargaining agreement."
 
 
 3
 On May 5, 1993, the district court granted Goodyear's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) as to Taylor's claim under Sec. 510 of ERISA. The district court treated Goodyear's motion for judgment on the pleadings as one for summary judgment with regard to Taylor's breach of a collective bargaining agreement claim and found in favor of Goodyear on this claim. On appeal, Taylor's brief is construed as arguing those claims which he raised in the district court.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed Taylor's claim under Sec. 510 of ERISA pursuant to Fed.R.Civ.P. 12(c), because after accepting all the factual allegations of the complaint as true, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991). Because 29 U.S.C. Sec. 1140 does not provide a statute of limitations for claims brought under Sec. 510 of ERISA, we adopt the most analogous state statute of limitations. Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1137 (7th Cir.1992); McClure v. Zoecon, Inc., 936 F.2d 777, 778 (5th Cir.1991). The most analogous state statute of limitations for Sec. 510 ERISA claims is based on employment discrimination and/or wrongful termination law. See Tolle, 977 F.2d at 1137-38 (Illinois five-year statute of limitations applicable to claims for retaliatory discharge was applied to Sec. 510 ERISA claim); Felton v. Unisource Corp., 940 F.2d 503, 512 (9th Cir.1991) (most analogous state statute of limitations for Sec. 510 ERISA claim is wrongful termination against public policy or retaliatory discharge); McClure, 936 F.2d at 778 (proper characterization of Sec. 510 ERISA action for limitations purposes is as wrongful discharge or employment discrimination claim); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1205 (10th Cir.1990) (most analogous state statute of limitations regarding Sec. 510 ERISA claim is one for employment discrimination); Gavalik v. Continental Can Co., 812 F.2d 834, 843-46 (3d Cir.), cert. denied, 484 U.S. 979 (1987) (relied on state statute of limitations applicable to employment discrimination in Sec. 510 ERISA case). Taylor's Sec. 510 ERISA claim is barred by the applicable Ohio statute of limitations as set forth in Ohio Rev.Code Sec. 2305.09(D) because his complaint was filed more than four years after his cause of action accrued.
 
 
 5
 With regard to Taylor's claim that Goodyear breached the collective bargaining agreement, we conclude that summary judgment was properly entered in favor of Goodyear because there is no genuine issue of material fact and Goodyear is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Taylor's claim is barred by the doctrines of res judicata, Kremer v. Chemical Constr. Corp., 456 U.S. 461, 467 n. 6 (1982); White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986); Anchor Motor Freight v. International Bhd. of Teamsters, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 464 U.S. 819 (1983); Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir.1981), and collateral estoppel. Montana v. United States, 440 U.S. 147, 153-54 (1979); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979); United States v. Three Tracts of Property, 994 F.2d 287, 290 (6th Cir.1993). Taylor has already unsuccessfully litigated the issue of whether Goodyear breached the collective bargaining agreement in terminating Taylor's employment with Goodyear, see Taylor v. Goodyear Tire & Rubber Co., No. C86-3869(A) (N.D.Ohio July 30, 1991), and this court affirmed the district court's judgment on appeal. See Taylor v. Goodyear Tire & Rubber Co., No. 91-3812, 1992 WL 56750 (6th Cir. Mar. 23, 1992) (per curiam). Therefore, Taylor's LRMA claim is barred by the doctrines of res judicata and collateral estoppel.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.