92 F.3d 1185
 Pens. Plan Guide P 23925V
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene ELLIS, Sr., Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 95-1801.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Eugene Ellis, Sr., appeals a district court order dismissing his action filed pursuant to § 510 of the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1140. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Ellis alleged that the defendant terminated him to prevent his future accrual of pension benefits in violation of ERISA. Following a hearing, the district court concluded that Ellis's claim was barred by the statute of limitations and granted summary judgment for the defendant. Ellis has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendant. This court reviews de novo a district court order granting summary judgment. Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Id.
 
 
 5
 The statute of limitations bars Ellis's claim. Since 29 U.S.C. § 1140 does not contain a statute of limitations, the most analogous state statute of limitations is applied, Taylor v. Goodyear Tire & Rubber Co., No. 93-4059, 1994 WL 573913, at * 1 (6th Cir. Oct. 17, 1994), cert. denied, 116 S.Ct. 475 (1995); Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1137 (7th Cir.1992), which is the statute of limitations for state employment discrimination or wrongful termination claims. Taylor, 1994 WL 573913, at * 1; McClure v. Zoecon, Inc., 936 F.2d 777, 778 (5th Cir.1991). In Michigan, the most closely analogous state action for employment discrimination or wrongful termination is the Elliott-Larson Civil Rights Act, MCLA §§ 37.2101-37.2803, and a three year statute of limitations applies to claims brought under that act. Bell v. Chesapeake & Ohio Ry., 929 F.2d 220, 221-23 (6th Cir.1991) (per curiam). Ellis was fired by the defendant in November 1988. Ellis did not file his present action until March 1995, over six years after the defendant terminated his employment. Therefore, Ellis did not file his action within the required three year period. Ellis's argument that the defendant fraudulently concealed his cause of action is conclusory and without merit.
 
 
 6
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation