# United States Court of Appeals
## For the First Circuit

---

Nos. 01-1516
     01-1845

EMMETT S. MULDOON,

Plaintiff, Appellant,

v.

C.J. MULDOON & SONS, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Emmett S. Muldoon on brief pro se.
Christopher G. Betke and Ryan, Coughlin & Betke on brief for appellees.

---

January 28, 2002

---

**Per Curiam**. Emmett S. Muldoon appeals from the district court's dismissal of his action for benefits under section 510 of the Employees Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, as time-barred (No. 01-1516) and from the district court's denial of his subsequent motion to amend the judgment (No. 01-1845). The two appeals have previously been consolidated by order of this court.

Because Congress did not provide a statute of limitations in the ERISA statute for section 510 claims, federal courts must apply the limitations period of the state-law cause of action most analogous to the federal claim. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Muldoon contends that the most analogous Massachusetts statute is M.G.L.A. c. 260, § 2, which states:

> Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.

The district court determined that Muldoon's claim was more analogous to M.G.L.A. c. 260, § 2A, which is entitled "Tort, contract to recover for personal injuries, and replevin actions" and provides:

> Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

Although we have not previously addressed the issue of the applicable statute of limitations in the context of a section 510 claim, several other circuits have, and they have determined that section 510 claims for benefits are most analogous to state law actions for wrongful termination or retaliatory discharge. See Sandberg v. KPMG Peat Marwick, 111 F.3d 331, 334-35 (2nd Cir. 1997); McClure v. Zoecon, Inc., 936 F.2d 777, 778-79 (5th Cir. 1991); Taylor v. Goodyear Tire and Rubber Co., 38 F.3d 1216, 1994 WL 573913 at *1 (6th Cir. 1994) (unpublished); Teumer v. General Motors Corp., 34 F.3d 542, 549-50 (7th Cir. 1994); Burrey v. Pacific Gas & Elec. Co., 159 F.3d 388, 397 (9th Cir. 1998); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1205 (10th Cir. 1990); Musick v. Goodyear Tire & Rubber Co., Inc., 81 F.3d 136, 137-39 (11th Cir. 1996). We agree with

-3-

these courts' characterization of the section 510 claim for benefits. We specifically agree with the district court's determination that Muldoon's section 510 claim for benefits based upon his allegation of wrongful termination is most analogous to M.G.L.A. c. 260, § 2A. Because Muldoon's cause of action accrued in April 1993, the date on which he alleges he was wrongfully terminated, and he did not file his section 510 action in the district court until March 1999, his action was time-barred pursuant to M.G.L.A. c. 260, § 2A. The district court did not err in dismissing Muldoon's complaint on this basis.

In an effort to characterize his claim as sounding in general contract (and not to recover for personal injury), Muldoon additionally asserts that his amended complaint alleged a violation of section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, as well as a section 510 claim, and that the LMRA may not be "preempted" by ERISA § 510. This argument lacks merit. Although the amended complaint makes reference to a collective bargaining agreement in its factual allegations, it contains no support for Muldoon's contention that he has asserted a breach of the collective bargaining agreement in

-4-

support of a section 301 claim.  In this context, Muldoon's legal argument that ERISA may not preempt the LMRA is a non-issue.

Finally, Muldoon's assertion that the district court abused its discretion by denying his request for oral argument on his claim also is unavailing.  Because he had adequate opportunity to provide the district court with evidence supporting his position, and he did so, Muldoon has made no showing of prejudice.  See Bratt v. International Business Machines Corp., 785 F.2d 352, 363 (1st Cir. 1986).

The district court's judgment is AFFIRMED.