**Robert E. JOHNSON, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE; Marvin Runyon, Postmaster General, Defendants–Appellees.**

No. 94–3604.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1995.

Decided Aug. 31, 1995.

---

Bruce B. Elfvin (argued and briefed), Elfvin & Besser, Cleveland, OH, for Robert E. Johnson.

William J. Kopp, Asst. U.S. Atty., Office of the U.S. Attorney, Cleveland, OH, Janet E. Noble (argued and briefed), U.S. Postal Service, Appellate Div., Washington, DC, for U.S. Postal Service.

Janet E. Noble, U.S. Postal Service, Appellate Div., Washington, DC, for Anthony M. Frank and Marvin Runyon.

Before: MARTIN, GUY, and DAUGHTREY, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Robert E. Johnson appeals from the district court's grant of summary judgment for the Postal Service in his action to review a final decision of the Merit Systems Protection Board under 5 U.S.C. § 7703. On appeal, Johnson claims that the court erred in relying upon unauthenticated exhibits attached to the summary judgment motion and that the period in which to appeal an adverse decision of the Merit Systems Protection Board was tolled because he took reasonable steps to notify the Board of his change of address.

Beginning in October 1969, Johnson, an African–American, was employed as a mail handler by the United States Postal Service in Cleveland. The Postal Service alleges that on September 22, 1983, he sold illegal drugs to a confidential informant at a bar. On April 17, 1984, he was removed from his position based upon his alleged misconduct. The Postal Service claimed that his misconduct affected its efficiency.

Johnson maintained his innocence from the outset and was acquitted of all criminal charges after a jury trial in June 1984. Prior to that acquittal, Johnson filed a grievance over his removal through the collective bargaining agreement. Claiming that white postal workers were not treated in the same manner, Johnson also filed a complaint with the Equal Employment Opportunity Commission. He later elected to pursue his complaints through the Merit Systems Protection Board and terminated his union grievance procedure. On May 9, he filed an appeal with the Chicago Regional Office of the Merit Systems Protection Board. After a hearing on the matter, an administrative judge of the Board issued an initial decision on August 31. The judge found by a preponderance of the evidence that Johnson *had* sold drugs to a confidential informant, but that *no* sufficient nexus existed between that conduct and the Postal Service's efficiency as to justify his removal. He also stated that Johnson failed to present any evidence to support a discrimination claim and dismissed that allegation.

The Postal Service filed a petition for review with the Board challenging the judge's decision as to whether it established a sufficient nexus. The Board agreed with the Postal Service and reversed the judge's initial decision, thus sustaining Johnson's removal. The Board issued its final decision on January 29, 1985, mailing it to Johnson at his

address of record: 14015 Superior Avenue, Apartment 808, Cleveland, Ohio 44118. Johnson, however, while awaiting the Board's decision, was evicted from that apartment because of his inability to pay the rent after losing his job. He claims to have filed change of address cards with the Postal Service listing his parent's address until he could locate a new permanent mailing address. But, he did not notify either the EEOC or the Merit Systems Protection Board of his new address. Thus, the Board's final order, mailed on January 29, was returned as undeliverable.

In June 1985, Johnson's attorney wrote to the Board, inquiring why Johnson had not received a copy of its final decision. The Board replied that a copy had been mailed and returned as undeliverable, and that there was no evidence that Johnson ever sent a notice of his change of address to the Board. On July 3, 1985, the Board sent a copy of the final decision to Johnson, which he claims to have received on July 18. He then filed an action in federal district court seeking review of the decision on August 13, 1985.

In this action, Johnson challenged the Board's decision sustaining his removal from the Postal Service for off-duty trafficking in drugs. He also alleged breach of contract, sex and race discrimination, harassment, and intentional infliction of emotional distress. On March 17, 1986, the Postal Service filed a motion to dismiss or for summary judgment, asserting among other things that Johnson's complaint was untimely. On June 24, the district court dismissed the breach of contract claim and denied without prejudice the Postal Service's motion to dismiss the action due to its timeliness because it had not submitted evidence as to when Johnson received notice of the Board's decision. For some unexplained reason the case lay dormant, and three years later the Postal Service filed a renewed motion to dismiss or in the alternative for summary judgment. This motion again asserted that Johnson's complaint was untimely and attached a number of exhibits to support that point.

After the renewed motion had been under submission for almost a year, and five years after the event, the court granted summary judgment for the Postal Service on May 17, 1990, and dismissed Johnson's case. Relying on *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1243 (11th Cir.1982), and *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986), the court ruled that Johnson filed his complaint "well after the 30 day time period" in which to do so and that the "time period began to run five days from the date the MSPB mailed the opinion." On June 15, however, Johnson filed a motion to alter and amend the court's order. With no explanation apparent in the record for the delay, the case again lay dormant for four years before the district court denied this motion on March 31, 1994. On May 31, Johnson filed his notice of appeal to this Court. Regrettably, the case did not reach this Court for ten years; on this record, it should easily have been concluded years ago.

■ We review a grant of summary judgment *de novo. Moore v. Holbrook,* 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once this burden is met, it shifts to the nonmoving party, who must present some "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Finally, all evidence is viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### I.

■ On appeal, Johnson argues first that the exhibits attached to the Postal Service's motion for summary judgment were not accompanied by any affidavit or document attesting to their validity or authenticity. Specifically, he maintains that the court erred in considering pages from an unfiled transcript of his deposition and a letter from the Board

indicating that its decision was returned as undeliverable, and containing a copy of the envelope and an unsigned return receipt card addressed to Johnson. Johnson contends that under Rule 56(e), for a party to offer evidence through exhibits on a summary judgment motion, the exhibits must be identified by affidavits. However, Johnson never raised this issue in the court below, neither in opposing the summary judgment motion nor during the four years that his motion to alter and amend was pending.

■ In making this argument, Johnson relies on only one case from this Circuit to support his claim that the court erroneously considered exhibits attached to the Postal Service's summary judgment motion. Further, he misstates the holding of that case: it addressed this issue only in a footnote and did not decide the matter. "Although the district court *may have erred* in basing its holding ... on unsworn affidavits and uncertified copies of documents attached as exhibits to appellees' motion for summary judgment, since such materials do not comport with the requirements of Fed.R.Civ.P. 56(e), we are satisfied that essential justice was done." *Carter v. Western Reserve Psychiatric Habilitation Ctr.*, 767 F.2d 270, 273 n. 2 (6th Cir.1985) (emphasis added). More dispositive of this issue is this Court's ruling in *Wiley v. United States*, 20 F.3d 222 (6th Cir.1994).

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [this Court] will review such objections only to avoid a gross miscarriage of justice.

*Wiley*, 20 F.3d at 226. Thus, failure to object to evidentiary material submitted in support of a summary judgment motion constitutes waiver of those objections. Also, we find that the court's consideration of the attached materials did not constitute "a gross miscarriage of justice."

## II.

■ Johnson also argues that he is either entitled to equitable tolling of the thirty day time period in which to contest the Board's decision or that it is not necessary because his filing was timely. Johnson maintains that filing change of address forms with the Postal Service is constructive compliance with the notification mandates of 29 C.F.R. § 1601.7(b) and 5 C.F.R. § 1201.26(b)(2). Johnson argues that the Postal Service was not prejudiced by his failure to receive the Board's decision in January and that he could not notify the Board of his change of address until he found a new place to live. Finally, he contends that equitable tolling is not necessary because he *did* file within thirty days of his *receipt* of the Board's decision. Claiming that there is no dispute as to when he actually received the decision, he asserts that his complaint was timely under 5 U.S.C. § 7703(b)(2).[1]

Both the EEOC and the Merit Systems Protection Board have notification regulations governing changes of address. EEOC regulations provide that the "person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7(b). Similarly, in 1985, the Board's regulations stated that "[i]t shall be the duty of all parties to notify the Board and one another in writing of any changes in the names or addresses on the service list." 5 C.F.R. § 1201.26(b)(2). That same section now reads that the "parties must notify the appropriate Board office and one another...." In the context of an EEOC complaint, we held on similar facts that there is "an affirmative duty on [a] claimant to notify the EEOC of any change in mailing address." *Hunter*, 790 F.2d at 475. In doing so, we rejected an inflexible

---

1. "Cases of discrimination ... shall be filed under [42 U.S.C. § 2000e–16(c) and other statutes] as applicable. [Furthermore,] any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703(b)(2).

**238**

rule requiring actual receipt of notice by a claimant, and refused to excuse an untimely complaint because the EEOC was not notified of any change of address at the time it mailed the right-to-sue letter to the address of record. *Id.* Here, it is uncontested that Johnson never notified the Board directly of his change of address.

 The Postal Service argues that the thirty-day time limit of Section 7703(b)(2) began to run in January 1985 when the Board mailed its final decision to Johnson's address on record with the Board. We agree. A decision by the Merit Systems Protection Board on an issue of employment discrimination becomes a judicially reviewable action on the date of its issuance. 5 U.S.C. § 7702(a). Under the statutory framework, a complainant with a mixed case, who chooses to appeal the Board's decision directly to the district court, "has thirty days from the issuance of the Board's final decision in which to file suit." *Washington v. Garrett,* 10 F.3d 1421, 1437 (9th Cir.1993) (citing 5 U.S.C. § 7703(b)(2)). Johnson admittedly filed his complaint with the district court far more than thirty days after the Board issued its decision. This was allegedly because he did not receive the decision within that time. However, Johnson had an affirmative duty to notify the Board of any change in his address. He failed to meet this burden and cannot now rely on the results of that failure to make his complaint timely.

 Johnson, however, argues not only that he filed his complaint within thirty days of his receipt of the Board's decision on July 18, 1985, but also that equitable tolling should apply because he took reasonable steps to ensure delivery of the Board's decision. However, the doctrine of equitable tolling does not apply to Section 7703(b)(2). *Glarner v. United States Dep't of Veterans Admin.,* 30 F.3d 697 (6th Cir.1994). In *Glarner,* 30 F.3d at 701, we stated that "5 U.S.C. § 7703(b)(2) ... could not be equitably tolled despite *Irwin* [*v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ]." There, we reasoned that "in enacting § 7703(b)(2), Congress rebutted the presumption of equitable tolling." *Id.* Furthermore, even in *Irwin,* the supreme

court noted that equitable tolling was not appropriate where a litigant failed to meet a deadline as a result of "garden variety" neglect. *Irwin,* 498 U.S. at 96, 111 S.Ct. at 457. Such is precisely the case presented here—Johnson failed to notify the Board of his change of address and waited six months before inquiring about its decision. Thus, the record in this case does not support applying the doctrine of equitable tolling.

Therefore, because Johnson's complaint was not timely filed, we AFFIRM the judgment of the district court.