95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie BOWENS, Plaintiff-Appellant,
v.
Thurman TACKETT; Jim Bradley; James Hammons; Dean
Tackett; George Wellman; Paul Griffeth; Butch Williams;
Edgar Sherman, as officers of the Johnson County Detention
Center, Defendants-Appellees.
 No. 95-6355.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Eddie Bowens, proceeding pro se, appeals a district court judgment dismissing his complaint against seven of the named defendants pursuant to 28 U.S.C. § 1915(d), and granting summary judgment in favor of defendant Sherman, in this civil rights suit filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking compensatory damages, Bowens sued Sherman, the Deputy Jailer at the Big Sandy Regional Detention Center in Kentucky, and several other prison officials at that facility, in their individual and official capacities. Bowens alleged that these defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, when they did not protect him from assaults by other inmates at that jail. After considering Bowens's claims, a magistrate judge recommended dismissing, pursuant to § 1915(d), all the defendants except Sherman. The district court adopted this recommendation. The magistrate judge then recommended granting defendant Sherman's motion for summary judgment. The district court considered the plaintiff's objections to this second report, adopted the magistrate judge's recommendation, and dismissed the complaint.
 
 
 3
 On appeal, Bowens reasserts his claims against defendant Sherman. Bowens raises no claims or allegations against the seven defendants that were dismissed in the district court's first order. Therefore, the plaintiff's claims, other than those relating to defendant Sherman's actions, have been abandoned and will not be considered by this court. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 4
 This court reviews a grant of summary judgment de novo. Harrow Prod., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995).
 
 
 5
 Defendant Sherman met his burden of establishing an absence of evidence to support Bowens's Eighth Amendment claim. Celotex Corp., 477 U.S. at 323. The Eighth Amendment protects an inmate from prison officials' deliberate indifference to a substantial risk of serious harm to that inmate. Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). However, Sherman's affidavit has shown that he was not aware of an excessive risk to the inmate's health or safety so that the defendant may be held liable for failing to protect Bowens from the assaults that took place. Farmer, 114 S.Ct. at 1979. Moreover, Bowens has not met his burden of showing that defendant Sherman acted with "obduracy and wantonness" when Bowens was placed into the prison's general population after the first assault occurred. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993). Thus, Bowens has not presented significant probative evidence to defeat Sherman's motion for summary judgment. Anderson, 477 U.S. at 249-50.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.