98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edgar JOHNSON, Jr., Plaintiff-Appellant,
v.
Dennis A. JOHNSTON, Defendant-Appellee.
 No. 95-2263.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Edgar Johnson, Jr., a Michigan prisoner proceeding pro se, appeals a district court judgment granting summary judgment in favor of the defendant in this civil rights suit filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Johnson sued a court-appointed attorney who represented a co-defendant in a state criminal case in which the plaintiff was charged with delivering cocaine and with conspiracy to deliver cocaine in violation of Michigan law. Johnson alleged that defendant Johnston conspired with the prosecutor in the case to deny Johnson his constitutional right to call witnesses on his behalf. A magistrate judge recommended granting the defendant's motion for summary judgment. Upon review of this report and the plaintiff's objections, the district court adopted the magistrate judge's recommendation in its entirety, and granted summary judgment in favor of the defendant. On appeal, Johnson reasserts his claim against the defendant.
 
 
 3
 This court reviews a grant of summary judgment de novo, Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995), and we conclude that Johnston has shown that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995).
 
 
 4
 There is no evidence that Johnston was acting under color of state law at the time of the alleged unconstitutional violation so that he may be held liable under § 1983. See generally NCAA v. Tarkanian, 488 U.S. 179, 191 (1988); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Polk County v. Dodson, 454 U.S. 312, 321 (1981). Moreover, Johnston has established an absence of evidence supporting Johnson's allegation that Johnston conspired with the prosecutor to deny the plaintiff his constitutional rights. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982); Dennis v. Sparks, 449 U.S. 24, 27-32 (1980). Last, Johnson cannot establish a viable cause of action under § 1983 because a favorable ruling on his claim would render his continuing confinement invalid, and his conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 5
 Accordingly, the district court's order granting summary judgment in favor of the defendant is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.