101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas JOHNSON-X, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS; Patricia L. Caruso; Rum Ellerman;
Arum Meckstroth, Defendants-Appellees.
 No. 96-1142.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Thomas Johnson-X, proceeding pro se, appeals a district court order granting summary judgment in favor of the defendants in this civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking only monetary relief, Johnson-X sued the Director of the Michigan Department of Corrections (MDOC), and three prison officials employed at the Chippewa Regional Correctional Facility in Kincheloe, Michigan, in their individual and official capacities. Johnson-X complained that these defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, when they did not protect him from an assault by other inmates during a fight that occurred on November 7, 1994. Johnson-X stated that the "proximate cause" of the fight was the defendants' act of authorizing double-bunking in the prison facility. Johnson-X also stated that his equal protection rights were violated, because white inmates in that facility would be moved from their cells immediately upon request, whereas requests by black inmates were not honored until much later.
 
 
 3
 A magistrate judge recommended granting the defendants' motion for summary judgment, and denying the plaintiff's motion for summary judgment. Upon de novo review of the plaintiff's objections and of the report and recommendation, the district court adopted the report and dismissed the complaint. On appeal, Johnson-X reasserts his claim that the defendants did not protect him against an assault by other inmates, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.
 
 
 4
 By specifically objecting only to the magistrate judge's findings and conclusions surrounding the plaintiff's assault claim, Johnson-X has preserved only that issue for appellate review. Thomas v. Arn, 474 U.S. 140, 155 (1985); Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995); Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981). Moreover, Johnson-X has presented no exceptional circumstances in support of the waived claims that would warrant an exception to the Walters rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15.
 
 
 5
 On appeal, this court reviews a grant of summary judgment de novo. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). We conclude that the district court properly granted summary judgment in favor of the defendants as there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995).
 
 
 6
 The defendants met their burden of establishing an absence of evidence to support Johnson-X's Eighth Amendment claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Eighth Amendment protects an inmate from prison officials' deliberate indifference to a substantial risk of serious harm to that inmate. Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). However, every injury suffered by a prisoner at the hands of another prisoner does not translate into constitutional liability for prison officials. Id. To be liable for a prisoner's injury, an official must act with obduracy and wantonness, and a showing that an official acted with inadvertence or erred in good faith will not establish an Eighth Amendment claim. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993).
 
 
 7
 The defendants presented sufficient evidence to show that none of the officials had actual knowledge of an imminent or serious threat to Johnson-X prior to the time the fight occurred, so that the defendants could be liable for any resulting injury. Knight, 999 F.2d at 1022. The record reveals that Johnson-X did not suffer from any visible injury from the disturbance. The defendants did not act with obduracy and wantonness, because the defendants had planned on moving Johnson-X to another cell within two days after they were notified of Johnson-X's conflicts with his cell-mate. The defendants' alleged failure to lessen the general threat of violence among the Chippewa prisoners does not rise to the level of "wantonness" that is required to establish an Eighth Amendment violation. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Johnson-X did not respond to the defendants' motion with significant probative evidence to defeat summary judgment in the defendants' favor.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.