# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3967

_____

| | | |
|---|---|---|
| Anthony Bell, | * | |
| | * | |
| Appellant, | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Marvin T. Runyon, Jr., Postmaster | * | District of Missouri |
| General, United States Postal Service | * | |
| Agency, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 7, 2000

Filed:  November 15, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Anthony E. Bell, an African-American male, appeals from the adverse grant of summary judgment entered in the District Court[1] for the Eastern District of Missouri in his employment discrimination action against the United States Postal Service

_____

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(USPS).  Bell had claimed wrongful termination, retaliation, and discriminatory treatment on the basis of race, sex, and disability.  We affirm.

Specifically, upon de novo review of the record and careful consideration of the parties' briefs, we conclude the district court properly dismissed Bell's wrongful-termination claim as untimely filed from the final decision of the Merit Systems Protection Board (MSPB).  See 5 U.S.C. § 7703(b)(2) (in "mixed case," complainant must appeal MSPB's decision to district court within 30 days after receiving notice of judicially reviewable action); Austin v. Merit Sys. Protection Bd., 136 F.3d 782, 783 (Fed. Cir. 1998) ("mixed case" is appeal to MSPB from adverse personnel action, coupled with allegations that action was based on prohibited discrimination); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995) (MSPB decision becomes judicially reviewable action on date of its issuance).

We conclude further that the district court properly granted summary judgment on the retaliation and discriminatory treatment claims, because (1) Bell failed to establish a genuine issue of material fact as to whether USPS's proffered reasons for the challenged employment decision (a suspension)--Bell's failure to maintain a regular work schedule and his extensive history of discipline--were pretextual; and (2) he presented no evidence, other than temporal proximity, of a causal connection between protected activity and the adverse employment decision.  See Ghane v. West, 148 F.3d 979, 981-82 & n.3 (8th Cir. 1998).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-