Kenneth R. ADAMS, Plaintiff,

v.

Pamela NOBLE, et al., Defendants.

No. C–1–98–819.

United States District Court,
S.D. Ohio,
Western Division.

March 20, 2001.

AmySue Taylor, AmySue Taylor Co., LPA, Columbus, OH, for Kenneth R Adams, plaintiffs.

Daniel Scott Smith, Columbus, OH, Ralph Gary Winters, Bernard W Wharton, McCaslin Imbus & McCaslin, Cincinnati, OH, for Pamela Noble, in her official and personal capacities, Lawrence County Board of Mental Retardation and Developmental Disabilities, defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Motions for Summary Judgement (docs. 12 & 13); Plaintiff's Response (doc. 17); Defendants' Reply (doc. 18); Plaintiff's SurReply (doc. 19); and Defendants' Motion to Strike Plaintiff's SurReply (doc. 20).

## BACKGROUND

Plaintiff Kenneth R. Adams filed this action on October 29, 1998, against Defen-

dants Pam Noble and the Lawrence County Board of Mental Retardation and Developmental Disabilities ("Defendants"), alleging that Defendant Lawrence County took insufficient actions, and was generally indifferent, in regards to Plaintiff's complaints of sexual harassment at the hands of supervisor-Defendant Noble, in violation of Title VII of the Civil Rights Act of 1964 and 1991 (doc. 1). *See also* Title 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981(a), and 28 U.S.C. § 1343. Defendants have filed Answers denying Plaintiff's claims, in general, and specifically asserting that Plaintiff's sexual discrimination claims were not timely filed in accordance with federal law (docs. 2 & 5). The facts of this case are as follows.

Plaintiff Kenneth Adams was a teacher's assistant employed by Defendant Lawrence County during the years 1996 and 1997 (doc. 1). Beginning on or about September 1996 and continuing until as late as April 1997, Plaintiff alleges that unwelcomed sexual advances were made by Defendant Pamela Noble, a teacher to whose room Plaintiff was assigned (*Id.*). According to the Complaint, the sexual advances made by Defendant Noble included verbal and written sexual propositions, touching, and unwelcomed sexual comments (*Id.*).

Plaintiff alleges that the remedial actions taken by Defendant Noble's supervisors, as well as the Board of Education, in regards to correcting the actions of Defendant Noble were tardy and insufficient (*Id.*). Plaintiff further alleges that Defendants "acted in conscious and/or reckless disregard for [Plaintiff's] rights, with the great probability that [their] acts and omissions would cause substantial harm, as well as economic damages" to him (*Id.*).

On or about June 25, 1997, Plaintiff filed a civil rights' "Charge of Discrimination" containing these allegations with the Equal Employment Opportunity Commission ("EEOC") in Cincinnati, Ohio (doc. 1, Ex. A). On July 22, 1998, the EEOC sent a "Letter of Dismissal and Notice of Rights" by way of registered mail to Plaintiff advising that, his charges against Defendants were being dismissed due to the failure of Plaintiff to provide the requested information and/or his failure to appear in front of, or cooperate with, the EEOC(*Id.*, Ex. B).

The EEOC also provided Plaintiff with a "right-to-sue" Notice in order for Plaintiff to sue Defendants on his own (*Id.*). The July 22, 1998 Notice read, in pertinent part, that:

> This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. **If you decide to sue, you must sue *WITHIN 90 DAYS* from receipt of this Notice; otherwise your right to sue is lost.**

(doc. 1, Ex. B).

On July 28, 1998, the right-to-sue letter was delivered to Plaintiff's last known address, six days after it was initially mailed by the EEOC (doc. 12, Ex. 1). Thereafter, Plaintiff filed this Complaint in federal district court on October 29, 1998, more than 90 days after the receipt of the Notice at Plaintiff's address of record with the EEOC (*Id.*).

In May of 2000, Defendants filed separate Motions for Summary Judgment (*see* docs. 12 & 13), to which Plaintiff did not initially respond. However, on August 23, 2000, Plaintiff did file a voluntary notice of dismissal of this action without seeking the leave of this Court and without any apparent notice to Defendants (*see* doc. 14).[1]

---

1. Rule 41(a)(2) provides that, a plaintiff may     voluntarily dismiss a case after the filing of a

The Court held a status conference in this matter with the Parties on November 2, 2000 (*see* doc. 15). During the conference, the Court advised Plaintiff that, in accordance with Rule 41(a) of the Federal Rules of Civil Procedure, this action would not be dismissed without prejudice as long as an unopposed, dispositive motion was pending before this Court, and without Plaintiff formally asking for leave of this Court to withdraw, or by agreeing to seek the permission of the opposing Parties to this action.

At that time, Defendants informed the Court that they would object to Plaintiff's requests to dismiss this action without prejudice. Plaintiff then agreed to withdraw her requests for dismissal at that time, and further moved this Court for permission to respond to Defendants' pending Motions for Summary Judgment (docs. 12 & 13), to which we subsequently granted (doc. 16).

On November 17, 2000, Plaintiff filed a Response to Defendant's Motion for Summary Judgment (doc. 17), followed shortly thereafter by Defendants' Reply (doc. 18).

Plaintiff then filed a SurReply citing to additional facts, case law, and legal arguments as to why his Complaint should survive Defendants' Motions for Summary Judgment (doc. 19). On December 6, 2000, Defendants filed a Motion to Strike the SurReply because the submission of additional supporting briefs by Plaintiffs were in violation of the Court's Local Rules (doc. 20). Defendants argue that, since Plaintiff has not sought leave from this Court to file a supplemental memorandum and since the Court's Local Rules expressly prohibit him from doing so without good cause shown, Plaintiff's SurReply should be stricken from the record. *See* L.R. 7.2(a)(2).

Having reviewed this matter and finding that no good cause is shown in order to admit Plaintiff's SurReply, the Court hereby GRANTS Defendants' Motion to Strike Plaintiff's SurReply (doc. 20). Accordingly, Plaintiff's SurReply (doc. 19) is hereby STRICKEN from the record before us.

Therefore, the only remaining issue before this Court and the sole issue raised by Defendants in their Motions is, whether Plaintiff's federal district court Complaint (doc. 1) was filed in a timely manner. This Motion is now ripe for the Court's determination.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir. 1992); *Street v. J.C. Bradford & Co.,* 886

response pleading "upon order of the court and upon such terms and conditions as the

court deems proper."

F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Guarino,* 980 F.2d at 405.

As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990).

## DISCUSSION

▆ In their Motions for Summary Judgment (docs. 12 & 13), Defendants assert that, since there are no genuine issues of material fact, they are entitled to judgment as a matter of law due to the fact that Plaintiff's Complaint was filed too late. Specifically, Defendants argue that, if the right-to-sue letter has been sent to the proper residence of record listed in the EEOC's files, but the Notice was signed by another member of Plaintiff's household, the ninety-day time period in which to sue starts to run on the date the letter

is delivered. *See Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 666 F.Supp. 1053, 1056 (S.D.Ohio 1987) (finding that the "statutory ninety-days start to 'run on the date that notice is received at the address supplied to the E.E.O.C. by the claimant' ") (quoting *Espinoza v. Missouri–Pacific RR. Co.,* 754 F.2d 1247, 1249 (5th Cir.1985)).

Therefore, Defendants contend that, since it is undisputed that the EEOC letter that was mailed on July 22, 1998, and was received and signed for by his spouse at Plaintiff's listed address on July 28, 1998, the filing of Plaintiff's Complaint on October 29, 1998, more than ninety days after receipt of the right-to-sue letter, was untimely filed.

In his Response (doc. 17), Plaintiff asserts that Defendants' Motions for Summary Judgment should be denied since there is an issue of material fact involving the date when Plaintiff actually had receipt and knowledge of the right-to-sue letter. Specifically, Plaintiff argues that Plaintiff's then wife, with whom he was at marital odds, took receipt of the right-to-sue letter at his listed address and allegedly did not notify Plaintiff until many days later of its delivery.

Plaintiff further alleges that he did not live at the address that the letter was mailed to and received on July 28, 1998. Rather, Plaintiff asserts that he had recently moved out and had not notified the EEOC of the change of address because of the suddenness of the move. Plaintiff maintains that this is because he had marital difficulties due, at least in part, to the sexual harassment he was experiencing at work, and his then wife chose not to notify him of her receipt of the right-to-sue letter until several days later.

In their Reply (doc. 18), Defendants argue that Plaintiff's claim of "dire circumstances" in regards to his request for the

equitable tolling of the statute of limitations is incorrect, due to the fact that a divorce, which necessitates a change in the mailing address of Plaintiff, is not sufficient grounds for equitable tolling. Moreover, Defendants argue that Plaintiff's inexcusable failure to notify the EEOC of a correct mailing address demonstrates "unclean hands" on the part of Plaintiff, and, therefore, precludes the equitable tolling of the ninety-day statute of limitations.

The Civil Rights Act of 1964 explains that, if the EEOC has elected not to prosecute a citizen's employment discrimination charge, it shall notify the petitioner of his or her right to initiate a private enforcement lawsuit. The statute states that "within *ninety days after the giving of such notice*, a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. § 2000e–5(f)(1) (emphasis added).

If the undisputed facts, and/or the record evidence, when viewed most favorably for Plaintiff, demonstrates as a matter of law that Plaintiff commenced his lawsuit beyond the statute of limitations period, then in the absence of a waiver, estoppel, or compelling justification or excuse which tolls limitations, a summary dismissal of the Complaint should be sustained. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–93, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir.2000); *Mounts v. Grand Trunk Western R.R.*, 198 F.3d 578, 583–84 (6th Cir.2000).

The federal courts have strictly enforced Title VII's ninety-day statutory limit. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*), an opinion that dismissed a *pro se* Title VII complaint filed outside of the limitations period, the Supreme Court stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants." *Id.*, 466 U.S. at 152, 104 S.Ct. 1723.

In *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court further explained that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law." *Id.*, 447 U.S. at 826, 100 S.Ct. 2486; *see also Zipes*, 455 U.S. at 398, 102 S.Ct. 1127.

In the case at bar, the EEOC issued and posted Plaintiff's right-to-sue letter on July 22, 1998 (doc. 1, Ex. B). *See* 29 C.F.R. § 1601.28(e) ("The notice of right to sue shall include (1) Authorization to the aggrieved person to bring a civil action under title VII ... within 90 days from *receipt* of such authorization.") (emphasis added). The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begin running, *on the fifth day* following the EEOC's mailing of a right-to-sue letter to Plaintiff's address of record, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless Plaintiff rebuts that presumption with proof that he did not *receive* notification within that period. *See Graham–Humphreys*, 209 F.3d at 557; *see also Banks*, 855 F.2d at 325–27; *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n. 3 (6th Cir.1987); *Hunter v. Stephenson*

*Roofing, Inc.,* 790 F.2d 472, 474–75 (6th Cir.1986).

It is undisputed by either Party that, Plaintiff's wife at the time had taken receipt of, and actually signed for, the right-to-sue letter at his listed address of record with the EEOC on July 28, 1998, which is *actually six days* post the date of mailing (doc. 12, Ex. 2). Plaintiff then alleges that, due to marital difficulties, his wife did not notify him of the receipt of the letter until several days later. It is also undisputed that Plaintiff filed his Complaint on October 29, 1998, more than the ninety-days, plus the five additional days for delivery, that is allowed by law (doc. 1).

The Sixth Circuit has ruled that a claimant who neglected to inform the EEOC of his change of address had constructively received his right-to-sue letter because it had been certified by mail to his record address, despite his denial of receipt of that mailing, allegedly because his nine-year-old nephew, who accepted the certified letter at the claimant's record address, misplaced it. *Hunter,* 790 F.2d at 474–75; *accord Johnson v. United States Postal Serv.,* 64 F.3d 233, 237–38 (6th Cir.1995); *Johnson–Brown v. Wayne State Univ.,* 173 F.3d 855 (Table), 1999 WL 191322, at *2 (6th Cir. Mar.17, 1999) (*per curiam*) (unpublished); *Nelmida v.. Shelly Eurocars, Inc.,* 112 F.3d 380, 383–84 (9th Cir.1997).

█ The federal courts sparingly bestow equitable tolling. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his jurisdictional remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988); *Brown v. Mead Corp.,* 646 F.2d 1163, 1165 (6th Cir.1981).

█ Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control. *See Baldwin County,* 466 U.S. at 151, 104 S.Ct. 1723 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *see also Johnson,* 64 F.3d at 238 (finding that a petitioner's failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling). Absent compelling equitable considerations, a court should not extend limitations by even a single day. *See Johnson v. United States Postal Serv.,* 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov.16, 1988) (unpublished).

The burden of providing the EEOC with a change of address is minimal. It is unreasonable to expect the EEOC to seek out Plaintiff in order to verify the last known address on its record; or whether or not Plaintiff's wife would forward that letter to him. Plaintiff is obviously in a far better position to ensure that the EEOC has the most current and accurate information as to Plaintiff's mailing status. *See St. Louis v. Alverno College,* 744 F.2d 1314, 1316–17 (7th Cir.1984).

Having reviewed this matter, the Court finds Defendants' argument in support of their Motions for Summary Judgment to be well-taken (docs. 12 & 13), and, therefore, we find in favor of Defendants as a matter of law for the following reason. Under *Graham–Humphreys* and other Sixth Circuit authority, the notice of attempted delivery left at Plaintiff's last known address of record on July 28, 1998, constituted constructive receipt of the EEOC's right-to-sue letter by Plaintiff, and, thus, his ninety-day period to file a complaint began to run from that day forward.

Plaintiff did not file his Complaint with this Court until October 29, 1998, which was over ninety-days after the July 28, 1998 receipt of his right-to-sue letter at his last known address of record. Accordingly, the Court hereby DISMISSES Plaintiff's sexual harassment claim, Count I of the Complaint, WITH PREJUDICE (doc. 1).

██ Furthermore, Plaintiff has included in his Complaint six pendent Ohio law causes of action, specifically Counts II–VII (doc. 1). "It is well settled that a District Court may decline to exercise supplemental jurisdiction over state claims once it has dismissed all claims over which it possessed original jurisdiction." *Hall v.. Hebrank,* 102 F.Supp.2d 844, 865 (S.D.Ohio 1999) (citing *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 233 (6th Cir.1997)). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Saglioccolo,* 112 F.3d at 233.

Having already concluded that, Plaintiff's federal claim, Count I, is without merit, this Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, Counts II–VII. Therefore, the Court hereby DISMISSES WITHOUT PREJUDICE Counts II–VII of the Complaint (doc. 1).

## CONCLUSION

For the reasons set forth above, the Court holds that: (1) Plaintiff's SurReply is hereby STRICKEN from the record (doc. 19); (2) Defendants' Motions for Summary Judgment are hereby GRANTED–IN–PART in regards to Count I of the Complaint (docs. 12 & 13); and (3) COUNTS II–VII of the Complaint are hereby DISMISSED WITHOUT PREJUDICE (doc. 1).

Accordingly, the Court hereby DIRECTS the Clerk of this Court to enter Judgment in favor of Defendants and against Plaintiff, and to TERMINATE this action from the Court's active docket.

SO ORDERED.