863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Renee Dell JOHNSON, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE and Postmaster General, Defendants-Appellees.
 No. 86-2189.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before MERRITT and RYAN Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals dismissal of her Title VII complaint by the district court for failure to exhaust her administrative remedies. The district court held that because plaintiff filed her appeal with the Equal Employment Opportunity Commission ("EEOC") one day after the filing period ended, she had failed to exhaust her administrative remedies. We affirm.
 
 I.
 
 2
 Plaintiff was discharged from her position with the United
 
 
 3
 States Postal Service on January 18, 1980. She alleges that
 
 
 4
 the discharge was based on her race, sex, and religion. She
 
 
 5
 requested reinstatement to her job, but her request was
 
 
 6
 denied. Proceeding pro se, plaintiff filed a discrimination
 
 
 7
 complaint with the Equal Employment Opportunity office of
 
 
 8
 the Postal Service. This complaint was denied on March 7,
 
 
 9
 1983. Plaintiff received notice of the decision on March
 
 
 10
 15, 1983. She then filed a pro se appeal with the EEOC
 
 
 11
 which was received April 5, 1983, twenty-one days after she
 
 
 12
 received the notice of denial. The notice of denial had
 
 
 13
 instructed plaintiff that she had twenty days within which
 
 
 14
 to file an appeal. On December 29, 1983, the EEOC denied
 
 
 15
 plaintiff's appeal because of the late filing.
 
 
 16
 Plaintiff subsequently filed her Title VII complaint in the
 
 
 17
 district court. Defendant filed a motion to dismiss on
 
 
 18
 February 12, 1985, on the ground that plaintiff had failed
 
 
 19
 to exhaust her administrative remedies by not making a
 
 
 20
 timely appeal to the EEOC. On April 23, 1985, Judge Julian
 
 
 21
 Abele Cook, Jr. denied the motion, holding that "the court
 
 
 22
 finds the twenty-day period to have been tolled for the
 
 
 23
 reason that plaintiff was proceeding without counsel."
 
 
 24
 On September 17, 1986, the case was transferred from Judge
 
 
 25
 Cook to Judge Charles W. Joiner for trial. Defendants then
 
 
 26
 again moved for dismissal on the ground that plaintiff had
 
 
 27
 not exhausted her administrative remedies. Judge Joiner
 
 
 28
 agreed to hear the motion in spite of Judge Cook's previous
 
 
 29
 decision denying an identical motion because he found that
 
 
 30
 Judge Cook had not been fully informed of a dispositive
 
 
 31
 Supreme Court case, Baldwin County Welcome Center v. Brown,
 
 
 32
 466 U.S. 147 (1984), when he reached his determination. On
 
 
 33
 the merits, Judge Joiner held that Brown required the
 
 
 34
 conclusion that the mere fact that plaintiff was proceeding
 
 
 35
 pro se did not justify equitable tolling. For this reason,
 
 
 36
 he granted defendants' motion and dismissed the complaint.
 
 
 37
 Plaintiff now appeals.
 
 II.
 
 38
 It is well established that in order to state a claim under Sec. 717 of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-16 (1981), a plaintiff must first exhaust her administrative remedies. Brown v. General Services Administration, 425 U.S. 820 (1976). In this case, plaintiff did file a discrimination complaint with the Equal Employment Opportunity office of the Postal Service. Moreover, she appealed that office's adverse decision to the EEOC. However, her appeal to the EEOC was not timely. The limitation period for appeals to the EEOC is set forth in 29 C.F.R. Sec. 1613.233(a):
 
 
 39
 Except as provided in paragraph (c) of this section, a complainant may file a notice of appeal at any time up to 20 calendar days after receipt of the agency's notice of final decision on his or her complaint. An appeal shall be deemed filed on the date it is postmarked, or, in the absence of a postmark, on the date it is received by the Commission. Any statement or brief in support of the appeal must be submitted to the Commission and to the defendant agency within 30 calendar days of filing of the notice of appeal....
 
 
 40
 In Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Supreme Court held that the ninety-day time limit for filing charges with the EEOC in actions brought under Sec. 706 of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5 (1981), was "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 393. The Supreme Court addressed a similar ninety-day requirement in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984). In Brown, plaintiff, proceeding pro se, failed to file a complaint in the district court within the required ninety days after the issuance of a right-to-sue letter by the EEOC after the Commission had rejected her complaint. See 42 U.S.C. Sec. 2000e-5(f)(1) (1981). Plaintiff in Brown had mailed a copy of the right-to-sue notice to the district court prior to the expiration of the ninety days. Moreover, she requested the appointment of counsel during this period. However, she did not file a complaint in the district court until some forty days after the expiration of the ninety-day period. The Court refused to apply the doctrine of equitable tolling in favor of plaintiff, finding that there was nothing "in the record to call for the application of the doctrine of equitable tolling." Id. at 151. The Court observed:
 
 
 41
 This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.
 
 
 42
 Id. (citations omitted).
 
 
 43
 The facts of this case fall squarely within the rationale of Brown. Although a different limitation period is at issue here, there is no reason not to apply the principles the Supreme Court enunciated in Brown while interpreting a virtually identical regulation. As the above discussion of Brown makes clear, the district court was correct in holding that the doctrine of equitable tolling may not be applied when the only proffered reason for its application is the fact that plaintiff was proceeding pro se.
 
 
 44
 Plaintiff offers two other factors which she claims justifies application of the doctrine of equitable tolling. First, she argues that 29 C.F.R. Sec. 1613.233(c) provides that the Commission may extend the twenty-day time limit in certain limited circumstances. This argument is without merit because in point of fact plaintiff made no effort to persuade the Commission to exercise its discretion and waive the twenty-day period. Thus, she failed to exhaust any administrative remedies she may have had under Sec. 1613.233(c). Plaintiff also argues that the fact that her appeal to the EEOC was only one day late provides a justification for applying the doctrine of equitable tolling. She observes correctly that plaintiff in Brown was some forty days late. This argument too is without merit. If courts were to toll the limitation period whenever a plaintiff was one day late, the effect would be to create a twenty-one-day limitation period. Of course, a plaintiff who filed her appeal on the twenty-second day could then argue that the doctrine of equitable tolling applied to her because she missed the effective filing date by only one day. The line must be drawn somewhere, and the Secretary of Labor, pursuant to Congressional authorization, has drawn it at twenty days. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807 (1980), 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee for even-handed administration of the law.' " Brown, 466 U.S. at 152.
 
 
 45
 We hold that the only justification plaintiff has offered for applying the doctrine of equitable tolling is the fact that she was proceeding pro se. Pursuant to the Supreme Court's decision in Brown, this justification alone is not sufficient to invoke the doctrine.
 
 III.
 
 46
 Finally, plaintiff argues that Judge Joiner erred by reconsidering defendants' motion to dismiss after Judge Cook had already denied a similar motion. This argument must be rejected because Local Rule 17(k) makes clear that the district court maintains discretion to reconsider orders even where no new issues are presented. Moreover, Judge Joiner expressly held that Judge Cook was not fully informed of the Supreme Court's decision in Brown when he first considered defendants' motion to dismiss.
 
 
 47
 The decision of the district court dismissing plaintiff's complaint is AFFIRMED.