991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert G. GIBSON, Plaintiff-Appellant,
v.
R.J. FRAZIER, CO., Defendant-Appellee.
 No. 92-4094.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Albert G. Gibson, a pro se litigant, appeals from an order of the district court dismissing his civil rights action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case has a rather convoluted procedural history. In 1987, Gibson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) naming the R.J. Frazier Co. as the entity that discriminated against Gibson. Ultimately, the EEOC determined that no violation of Title VII had occurred. Gibson was notified that if he decided to sue, he must do so within ninety days from receipt of the EEOC's determination notice; otherwise his right to sue would be lost. The notice was issued on December 5, 1989.
 
 
 4
 On March 5, 1990, Gibson filed with the district court an application for appointment of counsel and authorization to commence suit in forma pauperis. After an initial denial of that motion by the district court, an order was entered based upon Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir.1972), that concluded that Gibson's application for appointment of counsel had tolled the ninety day limitation period. Approximately one week later, an order was entered appointing counsel to Gibson. Counsel was ordered to file a complaint within thirty days unless it be determined that a complaint would be entirely frivolous as a matter of law and/or fact.
 
 
 5
 After filing three motions for extension of time, Gibson's counsel filed a motion to withdraw on November 28, 1990. In that motion, counsel stated that he was "unable to represent the petitioner or file a complaint on behalf of the petitioner pursuant to Rule 11 [of the] Federal Rules of Civil Procedure." Counsel represented that he had notified Gibson by phone and by letter of his intentions. A copy of a letter addressed to Gibson was attached to that motion. In that letter, counsel states that "I expect that the district court will notify you of [my application to withdraw as counsel] and allow you to proceed with other counsel, not provided by the court, or to file a pro se complaint." Further, counsel stated in the letter that Gibson "should check with the clerk of the courts in this regard."
 
 
 6
 On December 31, 1991, Gibson filed with the district court a handwritten letter which outlined his attempt to obtain counsel. On January 8, 1992, Gibson filed a pro se complaint. Soon after, defendant filed a motion to dismiss or for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56, arguing that Gibson had not filed the complaint within ninety days of receipt of his right to sue letter. Gibson responded, through counsel, by arguing that the district court's order of June 12, 1990 had determined that Gibson's action in this case was timely. The district court concluded that Gibson's complaint was not timely, and that he should not be afforded the doctrine of equitable tolling. On appeal, Gibson argues that his complaint was timely filed, and if not, that the limitation period was equitably tolled.
 
 
 7
 42 U.S.C. § 2000e-5(f)(1) mandates a ninety day limitation period for the filing of a complaint after a right to sue letter is received from the EEOC. This limitation period is not a jurisdictional matter, but is similar to a statute of limitations. Brown v. Crowe, 963 F.2d 895, 899 (6th Cir.1992). Therefore, the ninety day period is subject to waiver and equitable tolling. Id.
 
 
 8
 Gibson received the benefit of equitable tolling when the district court deemed Gibson's motion for appointment of counsel to have tolled the ninety day period. Other instances in which equity may toll the statutory period are where a plaintiff has received inadequate notice, where the plaintiff was led to believe by the court that he had done everything required of him, and where the misconduct of the defendant was the cause of plaintiff's inaction. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).
 
 
 9
 The district court took into the consideration matters outside the pleadings, and therefore treated defendant's motion as one for summary judgment. See Fed.R.Civ.P. 12(b). Our review is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We find no error.
 
 
 10
 Contrary to Gibson's argument in his response to defendant's motion for summary judgment, the district court's order of June 12, 1990 did not conclude that Gibson's complaint was timely filed. It clearly stated that Gibson's filing of his motion for appointment of counsel "will be deemed as having tolled the ninety day limitation period, as is permitted in this circuit." Therefore, it is clear that Gibson's pro se complaint was not filed within the ninety day period. The issue then is whether the district court erred when it concluded that the principles of equity would not be applied.
 
 
 11
 We agree with the district court that Gibson showed a marked lack of diligence in pursuing his claim. The record indicates that on December 4, 1990, counsel's motion to withdraw was granted, and Gibson was notified of this. Further, there is no indication that Gibson did not receive counsel's letter to him which was attached to the motion to withdraw. That letter clearly indicated that counsel was withdrawing from the case and that Gibson should check with the clerk of courts in regard to the status of his case. Gibson argues that he did not file his complaint sooner because he was attempting to obtain other counsel. He further argues that two of the attorneys he contacted filed three motions for extension of time apiece, and that these motions were granted. There is no indication in the record, however, that anyone other than Gibson's appointed counsel filed a motion for extension of time. Further, Gibson was not led to believe by the court that he had done everything required of him. Gibson knew or at least was put on notice that there were time limitations in his case. Gibson, however, made no contact with the court until over a year had passed after his appointed counsel had withdrawn from the case. Additionally, there is no indication that the defendant engaged in any misconduct that lured Gibson into inaction.
 
 
 12
 Accordingly, the district court's grant of summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation