Gloria WILSON, Plaintiff,

v.

## DOCTORS HOSPITAL OF HYDE PARK, Defendant.

No. 95 C 7726.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 3, 1996.

---

Gloria Wilson, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Gloria Wilson ("Wilson") has tendered a self-prepared Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 ("Section 2000e–5"), charging her former employer Doctors Hospital of Hyde Park ("Hospital") with race-based discrimination in connection with Hospital's termination of Wilson's employment. Wilson has accompanied her Complaint (which she has prepared by filling out the form provided by the Clerk of this District Court) with completed forms of an Application To Proceed In Forma Pauperis and a Motion for Appointment of Counsel. For the reason stated in this memorandum opinion and order, Wilson's motion for leave to proceed without payment of the filing fee is denied and both the Complaint and this action are dismissed, thus rendering moot her request to have a lawyer appointed to represent her pro bono publico.

■ Like any prospective in forma pauperis litigant, Wilson must satisfy two conditions to qualify for that status:

1. She must make an appropriate showing of her poverty—her inability to pay the $120 filing fee.

2. She must advance a claim that is non-"frivolous" in the legal sense defined in Neitzke v. Williams, 490 U.S. 319, [109 S.Ct. 1827, 104 L.Ed.2d 338] (1989) and reconfirmed in Denton v. Hernandez, 504 U.S. 25 [112 S.Ct. 1728, 118 L.Ed.2d 340] (1992).

Although the financial information that Wilson has provided satisfies the first of those conditions, she falls at the second hurdle.

According to Complaint ¶ 8, Wilson received her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on September 29, 1995. All EEOC right-to-sue letters specify plainly (in accordance with Section 2000e–5(f)(1)) that the aggrieved employee or ex-employee must file suit within 90 days after receiving EEOC's letter. Yet Wilson did not bring her Complaint to this District Court until December 29, 1995, the 91st day after she had received the right-to-sue letter.

■ Even one day's delay beyond the statutory 90–day period is fatal in the absence of a specified basis for equitable tolling (a very narrowly-defined possibility indeed)—for examples of cases illustrating the inflexibility of the 90–day rule, see Moscowitz v. Brown, 850 F.Supp. 1185, 1191–92 (S.D.N.Y.1994) (91st day); Brown v. Consolidated Freightway, 152 F.R.D. 656, 658–59 (N.D.Ga.1993) (same); Boyce v. Fleet Finance, Inc., 802 F.Supp. 1404, 1411 (E.D.Va.1992) (92d day); and other cases cited in each of those decisions; and see generally Scholar v. Pacific Bell, 963 F.2d 264, 267–68 (9th Cir.1992) and cases cited there. This Court is frankly at a loss to understand why anyone who is confronted with such a plainly-spelled-out notification of what is required would feel compelled to wait not only until but actually beyond the last minute for a permitted filing. But there is no need to speculate in that respect—what controls is that Wilson's submission is as fatally flawed as were the complaints in all of the cited cases.

Accordingly Wilson's motion for leave to proceed in forma pauperis is denied—and because the defect that has been identified here is noncurable, both the Complaint and this action are dismissed with prejudice (see Denton, 504 U.S. at 34, 112 S.Ct. at 1734). As indicated at the outset of this opinion, that moots Wilson's contemporaneous Motion for Appointment of Counsel, which is therefore denied as well. In addition Wilson is informed:

1. If she wishes to appeal this order of dismissal, within 30 days after the entry of judgment she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Wilson should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the

legal sense, that could result in the imposition of sanctions by that Court (see Fed. R.App.P. 38).