**Shelton McFARLAND, Plaintiff,**

v.

**METRO-NORTH COMMUTER RAILROAD, Defendant.**

No. 97 Civ. 7126(LAK).

United States District Court,
S.D. New York.

Feb. 11, 1998.

Shelton McFarland, Bronx, NY, pro se.

Richard Bernard, General Counsel, New York City, for Defendant.

### ORDER

KAPLAN, District Judge.

Plaintiff's objections to the report and recommendation of Magistrate Judge Andrew J. Peck are overruled. Nothing in the objections even remotely suggests that Judge Peck erred in concluding that plaintiff simply failed to file this action within 90 days after his receipt of the right to sue letter from the EEOC. Accordingly, defendant's motion to dismiss the complaint is granted. The Clerk will close the file.

SO ORDERED.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Plaintiff pro se Shelton McFarland brought this Title VII action for race discrimination and retaliation on August 15, 1997. He received a right to sue letter from the EEOC, however, on or about May 7, 1996. Thus, he did not bring suit within 90 days after receipt of the EEOC right to sue letter, but rather waited more than a year more before bringing suit. Accordingly, I recommend that the Court grant defendant Metro–North's motion to dismiss the complaint.

### ANALYSIS

■ An employment discrimination suit under Title VII must be filed within 90 days of plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). The Second Circuit has noted that Title VII's time limits are "analogous to a statute of

limitations." *Briones v. Runyon,* 101 F.3d 287, 290 (2d Cir.1996); *accord, e.g., Van Zant. v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996); *Pauling v. Secretary of Dep't of Interior,* 960 F.Supp. 793, 799 (S.D.N.Y.1997). Thus, failure to bring suit within the prescribed 90–day limit is grounds for dismissal. *See, e.g., Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 150, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984); *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11–12 (2d Cir.1994); *Pauling v. Secretary of Dep't of Interior,* 960 F.Supp. at 803.

The case law allows for the "equitable tolling" of the statutory deadlines, although such relief is granted "only sparingly." *Irwin v. Department of Veterans Affairs,* 498 U.S. at 95–96, 111 S.Ct. at 457; *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 151–52, 104 S.Ct. at 1725–26; *Briones v. Runyon,* 101 F.3d at 290; *South v. Saab Cars USA, Inc.,* 28 F.3d at 11–12; *Pauling v. Secretary of Dep't of Interior,* 960 F.Supp. at 799; *Dillard v. Runyon,* 928 F.Supp. 1316, 1323–24 (S.D.N.Y.1996), *aff'd mem.,* 108 F.3d 1369 (2d Cir.1997). As the Supreme Court has stated, however, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. at 458; *see also, e.g., Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 152, 104 S.Ct. at 1726 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular [pro se] litigants."); *South v. Saab Cars, Inc.,* 28 F.3d at 11–12.

■ Plaintiff McFarland's response to Metro–North's motion to dismiss states that his delay was caused because he was unable to find counsel, and also because he was waiting for a union arbitration against Metro–North to be resolved. (McFarland 1/6/98 Aff.) A plaintiff's inability to obtain counsel, however, is not a basis for equitable tolling. *See, e.g., Robinson v. Service Sys. Corp.,* No. CIV–83–699E, 1986 WL 448 at *2 (W.D.N.Y. April 7, 1986) (inability to obtain counsel does not warrant an equitable tolling of the 90–

day filing requirement); *see also, e.g., Bluemberg v. Sears, Roebuck & Co.,* No. 89 C 1516, 1990 WL 91478 at *4 (N.D.Ill. June 25, 1990) (agreeing with *Robinson*'s rejection of the "argument that a pro se litigant was entitled to equitable tolling until he was able to obtain legal guidance on the 90–day filing requirement"); *Christopher v. General Motors Parts Div.,* 525 F.Supp. 634, 636 (E.D.Mich.1981) (court rejects plaintiff's argument that equitable tolling was warranted due to his belief that he could not file an action in federal court without a lawyer; "[h]ere, plaintiff's misguided notion about his inability to file his own action could have been resolved by a phone call to the Clerk's office"), *aff'd mem.,* 703 F.2d 559 (6th Cir. 1982). Nor is waiting for a union arbitration a basis for equitable tolling. *See, e.g., Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 505–06, 66 L.Ed.2d 431 (1980); *International Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 236–40, 97 S.Ct. 441, 446–49, 50 L.Ed.2d 427 (1976); *Yoonessi v. State Univ.,* 862 F.Supp. 1005, 1014–15 (W.D.N.Y.1994), *leave denied,* 56 F.3d 10 (2d Cir.1995), *cert. denied,* 516 U.S. 1075, 116 S.Ct. 779, 133 L.Ed.2d 730 (1996).

## CONCLUSION

For the reasons set forth above, since plaintiff did not commence this action within 90 days of receipt of the EEOC's right to sue letter, I recommend that the Court grant defendant Metro–North's motion to dismiss the complaint.

## FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. Failure to file objections

212

will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e). Jan. 22, 1998.