**Brooke M. SIMON, Plaintiff,**

v.

**CITY OF NAPERVILLE, a municipal corporation, Defendant.**

No. 98 C 5263.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 20, 1999.

Peter K. Wilson, Jr., Gary Knight Mickey, Bernard K. Weiler, Steven A. Anders-

son, Mickey, Wilson, Weiler & Renzi, Aurora, IL, for Plaintiff.

Michael M. Roth, Howard P. Levine, Paul L. Stephanides, Naperville, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This case concerns whether a plaintiff in an employment discrimination lawsuit who filed her lawsuit within 90 days after she actually received her EEOC right-to-sue letter should be barred from suing on the grounds that she did not notify the EEOC of a temporary change of address, even though she had directed the Post Office to forward her mail to that address. I conclude that her lawsuit is not barred, but that her intentional infliction of emotional distress claim is preempted by the Illinois Human Rights Act and must be brought under that rubric rather than as a common law tort claim.

Brooke Simon, then a police officer in the City of Naperville, Illinois (the "City"), filed a complaint with the EEOC on February 25, 1997 alleging sexual harassment at work. On February 24, 1998, she resigned from her job. Shortly thereafter she went to stay temporarily with her sister in Arizona. On April 28, 1998, the Department of Justice mailed her right-to-sue letter to her Naperville address, the only address she had provided to the Department or the EEOC. The Post Office attempted to deliver the letter there on May 11, 1998, but Simon then had in effect a request to the Post Office to forward her mail to her sister's Arizona address. The right-to-sue letter arrived at that address on May 20, 1998, when it was signed for by Ms. Simon's 15-year old nephew. Ms. Simon actually received the letter on May 28, 1998.

On August 25, 1998, within 90 days of receiving the right-to-sue letter, Ms. Simon filed this suit on the grounds that she was subject to (1) sexual harassment and (2) retaliation, in violation of Title VII, 42 U.S.C.2000e–4, *et seq.*, and (3) intentional

infliction of emotional distress, an Illinois state law tort. I subsequently denied the City's motion to dismiss for lack of subject matter jurisdiction. The City now moves for summary judgment on the Title VII and state law claims. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir.1999).

With respect to the Title VII claims, this case presents the purely legal issue of whether Ms. Simon filed her lawsuit within the required 90 days of the receipt of her right-to-sue letter, *see* 42 U.S.C. § 2000e–5(f)(1); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995), or, if not, whether the delay was excusable. Although the limitations period is subject to equitable tolling or other grounds for excusable delay, courts have recognized that even one day's delay beyond 90 days is fatal to the claim unless the delay is excused. § 2000e–5(f)(1); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D.Ill.1996) (citing cases).

 For the analysis of questions concerning the 90 day limitations period, the Seventh Circuit has developed a three-pronged approach. *See Bond v. Am. Med. Ass'n*, 764 F.Supp. 122, 124 (N.D.Ill.1991). First, in cases where the right-to-sue letter is mailed to the plaintiff's residence but received by someone other than the plaintiff, the 90–day period commences on the date the claimant actually receives the letter. *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210, 216 (7th Cir.1978). Second, in cases where the right-to-sue letter is sent to the plaintiff's attorney, the 90–day period begins to run when the attorney actually receives the notice. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984). Finally, in cases where the plaintiff does not receive a right-to-sue letter for some other reason, a "fault" approach is used. This approach

essentially asks whether the delay in bringing suit was the "fault" of the claimant, and is determined on a case-by-case basis. *Jones,* 744 F.2d at 1313.; *St. Louis v. Alverno College,* 744 F.2d 1314, 1317 (7th Cir.1984). Here, only the first and third prongs are in play.

Ms. Simon argues that her suit was filed in a timely way because the limitations period started to run when she actually received the letter at her sister's home, on May 28, 1998. She argues that the case is governed by *Archie,* where a nine day delay did not bar a lawsuit in a case in which the right-to-sue letter was delivered to the plaintiff's home and received by his wife. 585 F.2d at 214. The applicability of the *Archie* "actual receipt" rule requires that two conditions be met: the letter must be (1) delivered to the complainant's residence and (2) received by someone else.

■ Ms. Simon has satisfied these conditions. The letter was delivered to Ms. Simon's sister's home, where Ms. Simon was staying and where she had directed the Post Office to send her mail. This was Ms. Simon's temporary residence. Nothing in *Archie* indicates that the residence to which the letter is delivered must be the plaintiff's permanent residence. The narrower construction would be inconsistent with the "remedial purpose" of the statute. *Archie,* 585 F.2d at 216. "[T]he purpose of the statutory notification, which is 'to provide a formal notification to the claimant that his administrative remedies, with the Commission have been exhausted,' and to inform him that the thirty-day period has begun to run, has not been accomplished unless the claimant is actually aware of the suit letter." *Id.* (internal citations omitted). Indeed, it would make no sense to have the letter delivered to one's permanent residence if one was temporarily residing elsewhere. Moreover, Ms. Simon's nephew signed for the letter on May 20, 1998. It was therefore received by someone else.

In any event, Ms. Simon did take steps to keep the EEOC appraised of her whereabouts and so did comply with the requirements of the law by filing her lawsuit within 90 days of receiving her right-to-sue letter. In the case that Ms. Simon correctly cites as being most closely on point, the plaintiff both had her mail forwarded *and* called the EEOC with the new address. *See Jones v. Michael Reese Hosp.,* 1991 WL 105583, at *2 (N.D.Ill.1991) (unreported order). The court called these "reasonable precautions." *Id.* Whether having one's mail forwarded alone would be sufficient under the third prong of the Seventh Circuit analysis (*Alverno College,* above), I need not decide here, since I proceed under the first prong using *Archie.* But Ms. Simon's efforts reinforce my confidence that this is the right result under the *Archie* prong.

■ The City also argues that it is entitled to summary judgment on Ms. Simon's state law claim that the alleged sexual harassment involved intentional infliction of emotional distress because that claim is preempted by the Illinois Human Rights Act, which confines claims of "civil rights violation" under Illinois law to proceedings under the Act. 775 ILCS 5/8–111(C). The claim is surely preempted. Sexual harassment is one of the civil rights violations specified in the Act, 775 ILCS 5/2–102(D), and the Illinois Supreme Court has held therefore that common law tort claims that depend on allegations of sexual harassment may be brought only under the Act. *See Jansen v. Packaging Corp. of America,* 123 F.3d 490, 493 (7th Cir.1997) (*citing Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273, 1276–78 (1994)), *judgment aff'd. by Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). As the Seventh Circuit found in *Jansen,* when a "common law claim of infliction of emotional distress is supported by the identical factual allegations [as a plaintiff's] Title VII claims ... [it is] therefore preempted." *Id.* Thus the claim can be maintained only under the Illinois Human Rights Act.

However, my holding that the claim is preempted does not entitle the City to summary judgment on the substance of the claim. The city has alleged no legal basis for judgment in its favor other than the bare fact of preemption. Preemption, however, does not determine whether the action can be maintained but under what description it can be maintained. Unless there is some other reason that her sexual harassment claim cannot be maintained, Ms. Simon may maintain the claim as a sexual harassment claim under the Illinois Human Rights Act. I exercise supplemental jurisdiction over that claim, so construed, under 28 U.S.C. § 1367(a) & (c) because the state law claims are ripe for decision, the applicable state law is straightforward, and discovery is nearly completed. *See Larsen v. City of Beloit,* 130 F.3d 1278, 1286 (7th Cir.1997).

The City's motions for summary judgment on (1) Ms. Simon's Title VII claims and (2) her Illinois Human Rights Act sexual harassment claim are DENIED.