Kevin D. WILLIAMS, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant.

No. 00–2694.

United States District Court, W.D. Tennessee, Western Division.

May 31, 2001.

Kevin D. Williams, Memphis, TN, pro se.

Jef Feibelman, Burch Porter & Johnson, Susan M. Clark, Burch Porter & Johnson, Memphis, TN, George J. Ditta, II, Leslie W. Ehret, Frilot Partridge Kohnke & Clements, New Orleans, LA, for Sears, Roebuck and Co., defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Before the Court is Defendant Sears, Roebuck and Company ("Defendant")'s motion to dismiss Plaintiff Kevin D. Williams ("Plaintiff")'s Title VII complaint for employment discrimination. Defendants contend that Plaintiff's Title VII claim is time-barred and that equitable tolling is not proper in the instant case. For the reasons stated herein, Defendant's motion to dismiss is **granted.**

## I. Background Facts

On August 4, 2000, Plaintiff filed an employment discrimination complaint under Title VII. Plaintiff's complaint alleges that he received a right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC"), on May 5, 2000.

On October 3, 2000, this Court issued an order finding that the allegations on the face of the complaint indicate that Plaintiff's claims are barred, and ordering Plaintiff to amend his complaint to state specific facts, including dates and times, that show the basis for equitable tolling.

On October 18, 2000, Plaintiff wrote the Court a letter claiming three excuses for the late filing: (1) he was away at school, with the exception of a Fourth of July break and every other weekend, from June 5 through August 18, 2000; (2) he was unable to find legal counsel willing to take his case; and (3) when he attempted to file his complaint he was told that copies needed to be made.

On March 5, 2001, the Court entered an Order to Issue Service of Process. The Summons and Plaintiff's Complaint were issued on March 7, 2001. Defendant's answer was due April 25, 2001. Plaintiff's time to respond to Defendant's Motion to Dismiss has expired.

## II. Motion to Dismiss Standard

A party may bring a motion to dismiss for failure to state a claim under Fed.

R.Civ.P. 12(b)(6).[1] The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of the claim and not to resolve the facts or merits of the case. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); 5A Wright & Miller, *Federal Practice and Procedure,* Civil 2nd § 1356 (West 1990). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste scarce judicial resources and result in unnecessary discovery. *See Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Generally, a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be made prior to the filing of a responsive pleading. 5A Wright & Miller, *Federal Practice & Procedure,* Civil 2nd § 1357 (West 1990). However, later filing may be permitted. Fed.R.Civ.P. 12(h).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lewis v.*

*ACB Business Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc., A Div. Of Gannett Co., Inc.,* 943 F.2d 644, 646 (6th Cir.1991). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). What the complaint must do is provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). The complaint need not specify all the particularities of the claim. *Id.*[2] However, this does not relieve the plaintiff of the obligation to allege the essential material facts of the case. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436–37 (6th Cir. 1988).[3] Such allegations of essential material elements, however, need not be direct:

---

**1.** The court may dismiss a complaint for failure to state a claim, *sua sponte.* 5A Wright & Miller, *Federal Practice & Procedure,* Civil 2nd § 1357 (West 1990). However, the court must provide the plaintiff an opportunity to amend the complaint or respond to the notice and reasons for dismissal. *Morrison v. Tomano,* 755 F.2d 515, 517 (6th Cir.1985).

**2.** If the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). 5A

Wright & Miller, *Federal Practice & Procedure,* Civil 2nd § 1356 (West 1990).

**3.** All facts taken as true in the complaint must be "well-pleaded". *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Lewis v. ACB Bus. Servs. Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir.1989). Well-pleaded facts refers to those facts which are legally capable of being proved. 71 C.J.S. *Pleading* § 426 (1951).

they may be inferential. *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir.1997)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993)).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Indeed, the facts, as alleged by the plaintiff, cannot be disbelieved by the court. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor Danek Group, Inc.)*, 123 F.3d 394, 400 (6th Cir.1997), *cert. denied*, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405–06 (6th Cir.1998); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Finally, the court will generally only consider the pleadings on a motion to dismiss for failure to state a claim. However, if the court decides to consider other materials besides the pleadings, then it will be treated as a motion for summary judgment under Fed.R.Civ.P. 12(b).[4]

## III. Analysis

### A. *Plaintiff's Title VII claim is time-barred.*

■ An employment discrimination suit under Title VII must be filed within ninety days of Plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Failure to bring suit within the prescribed ninety day limit is grounds for dismissal. *See, e.g., Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Federal courts have strictly enforced Title VII's ninety day statutory limit. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Graham–Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d at 553. "If the undisputed facts, and/or the record evidence viewed most favorable for the plaintiff, demonstrates as a matter of law that the plaintiff commenced her lawsuit beyond the ambit of limitations, in the absence of a waiver, estoppel, or compelling justification or excuse which tolled limitations . . ., a summary dismissal of the complaint should be sustained." *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Mounts v. Grand Trunk Western R.R.*, 198 F.3d 578, 580 (6th Cir.2000); *Graham–Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 557 n. 8 (6th Cir.2000).

It is undisputed that Williams filed his complaint more than ninety days after receipt of the right to sue letter from the

4. Notice of conversion of a motion to dismiss to a motion for summary judgment by the court may require notice to the losing party, depending upon the facts and circumstances of the case, to include surprise. *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir.1998).

EEOC. In his complaint, Williams states he received his EEOC right to sue letter on May 5, 2000. He filed this lawsuit on August 4, 2000, ninety-one days later. Title VII's ninety day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim. *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 150, 104 S.Ct. 1723; *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir.1984); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D.Ill.1996) (dismissing pro se plaintiff's Title VII claim filed ninety one days after receipt of right to sue letter).

In *Peete v. Am. Standard Graphic*, 885 F.2d 331 (6th Cir.1989), plaintiff alleged that he received his right to sue letter from the EEOC on March 26, 1987. He then filed suit in district court on June 25, 1987, ninety one days after receipt of his right to sue letter. On appeal, plaintiff argued that Federal Rule of Civil Procedure 6(e) operated to provide him with ninety three days within which to act. The Sixth Circuit flatly rejected this argument holding:

> It is undisputed that [plaintiff] filed his complaint more than ninety days after he received his right to sue letter. In the absence of waiver, estoppel or equitable tolling [citations omitted] none of which are present here, the district

court was correct in granting summary judgment....

*Id.* at 332.

In *Johnson v. U.S. Postal Serv.*, 863 F.2d 48, 1988 WL 122962 (6th Cir.1988), the Sixth Circuit held the fact that plaintiff was proceeding pro se did not justify application of the doctrine of equitable tolling where plaintiff missed her filing deadline by one day. The court stated: "If courts were to toll the limitation period whenever a plaintiff was one day late, the effect would be to create a [ninety one day] limitation period." Indeed, the Supreme Court has stated: "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular [pro se] litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 152, 104 S.Ct. 1723.[5]

## B. *The Ninety Day Limitation Period was not Tolled.*

█ Although the case law allows for the "equitable tolling" of statutory deadlines, such relief is granted "only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. at 95–96, 111 S.Ct. 453; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 151–52, 104 S.Ct. 1723. Equitable tolling is applied "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading

5. When confronted with a motion to dismiss, courts examine pleadings filed by pro se litigants liberally. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). However, the Sixth Circuit has recognized that: "This less stringent standard, however, does not mean that pro se plaintiffs are entitled to take every case to trial." In *Hahn*, the district court provided leave to a pro se plaintiff to amend his complaint regarding 42 U.S.C. § 1983 and due process violations for more factual specificity. The Sixth Circuit upheld dismissal of the complaint because plaintiff's allegations were too conclusory to comport with the notice pleading requirements of the Federal Rules of Civil Procedure and not specific enough to satisfy the pleading requirements for alleging a constitutional violation. Similarly, in this case, the court provided plaintiff with the opportunity to amend his complaint to state specific facts, including dates and times, that show the basis for equitable tolling in this case. Despite the road map provided by the district court, plaintiff has failed to demonstrate good cause for extending the ninety day statute of limitations through equitable tolling.

during the statutory period or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. 453. Tolling may also be appropriate where the EEOC's notice did not adequately inform the plaintiff of the ninety day limit, where a motion for appointment of counsel is pending, or where the court has lead the plaintiff to believe that he has satisfied the statutory prerequisite to sue. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 151–52, 104 S.Ct. 1723; *see also, Gibson v. Frazier Co.,* 991 F.2d 795, 1993 WL 94036 (6th Cir.1993). The Supreme Court stated "the principles of equitable tolling…do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. 453; *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. at 152, 104 S.Ct. 1723. These rules apply with equal force to pro se plaintiffs.

▪ In *Brown,* the pro se plaintiff failed to file a complaint in the district court within the required ninety days after issuance of the right to sue letter by the EEOC. Although plaintiff mailed a copy of the right to sue notice to the district court prior to expiration of the ninety days and requested the appointment of counsel during this period, she did not file a complaint in the district court until after the expiration of the ninety day period. The Supreme Court refused to apply the doctrine of equitable tolling in favor of the plaintiff, finding there was nothing in the record to support application of the doctrine. *Id.* at 151, 104 S.Ct. 1723. The Court observed:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she has done everything required of her. Nor is the case where affirmative misconduct on the part of a defendant lured the plaintiff into inaction…. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Id.*

The Sixth Circuit has identified five factors to consider when determining appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). The proprietary of equitable tolling must necessarily be determined on a case-by-case basis. *Id.* The Sixth Circuit has stated that failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d at 560; *Johnson v. United States Postal Serv.,* 863 F.2d 48, 1988 WL 122962, at *3 (6th Cir.1988).

Recognizing that Plaintiff's complaint alleges that the right to sue letter was received more than ninety days before Plaintiff filed his complaint, and therefore, on the face of the complaint, Plaintiff's claims are barred, the court ordered the Plaintiff to amend his complaint to demonstrate good cause for extending the ninety day statute of limitations through equitable tolling. Significantly, the three excuses

offered by Plaintiff: (1) being away at school; (2) inability to find legal counsel; and (3) problems with copies, are all attributable to Plaintiff's lack of diligence rather than grounds justifying application of the doctrine of equitable tolling.

This Court notes that a review of pertinent case law demonstrates Plaintiff's excuses are insufficient to cause equitable tolling of the ninety day statute of limitations. In *Graham–Humphreys, supra,* the Sixth Circuit affirmed summary judgment on plaintiff's Title VII employment discrimination claim on the grounds plaintiff had commenced her action more than ninety days following right to sue notification and the statute of limitations was not equitably tolled. 209 F.3d 552 (6th Cir.2000). Plaintiff protested that the limitations period should be tolled because: (1) her employment commitments allegedly contributed to her failure to timely collect her certified mail; (2) she misapprehended the ninety day filing timetable based on the language of the right to sue notice; and (3) she was acting pro se, purportedly without professional legal advice regarding the limitations question. *Id.* at 560. Rejecting plaintiff's arguments, the court found plaintiff's employment obligations did not impede her ability, in the exercise of reasonable diligence, to promptly accept her right to sue notice. Plaintiff should have assumed the limitations period began passing on or near the earliest potential date, and plaintiff had abundant time to commence her actions prior to expiration of the limitations period. *Id.* at 561. Regarding plaintiff's claims that she was acting without benefit of legal counsel, the court stated:

> At any rate, even a pro se litigant, whether a plaintiff or defendant, is required to follow the law. In particular, a willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self repre-

sentation.... [T]he Supreme Court commented that "we have never suggested that procedural rules in the ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." [*McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ]. This circuit has remarked that "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991) (per curium).

*Graham–Humphreys,* 209 F.3d at 561. *See also, Lee v. Henderson,* 75 F.Supp. 2nd 591 (E.D.Tex.1999) (pro se plaintiff failed to prove equitable tolling where she could have picked up a certified letter sent by the EEOC in time to file suit preserving her rights); *Marsh v. Soares,* 223 F.3d 1217, 1221 (10th Cir.2000) (pro se plaintiff's ignorance of a time requirement is not an excuse for noncompliance with a delay); *Nguyen v. Inova Alexandria Hosp.,* 187 F.3d 630, 1999 WL 556446 (4th Cir.1999) (pro se plaintiff out of town during part of the ninety day limitations period still had ample time to file her complaint timely but failed to do so); *Rose v. Dole,* 945 F.2d 1331, 1333 (6th Cir.1991) (holding that an employee who claimed he did not know about his statutory rights until he saw an attorney after expiration of a thirty day limitation period because he was on vacation with his son was not entitled to equitable tolling).

None of the specific excuses offered by Plaintiff's letter (amended complaint) justify application of the doctrine of equitable tolling. First, Plaintiff's contention that he was away at school beginning June 5, one month after he received his right to sue notice, is insufficient to toll the limitations period. Plaintiff had ample time before he left for school to take care of his business. Further, Plaintiff has not dem-

onstrated how his being away at school prevented him from following up on his case from that location or during breaks when he admittedly returned home. In *Graham–Humphreys*, the Sixth Circuit rejected plaintiff's arguments that employment commitments warranted equitable tolling. In *Rose v. Dole*, 945 F.2d 1331, 1333 (6th Cir.1991), the Sixth Circuit held that plaintiff's vacation with his son did not toll the applicable prescriptive period. Finally, in *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446 (4th Cir.1999), the Fourth Circuit held that the fact that a pro se plaintiff was out of town during part of the ninety day limitations period was insufficient justification for equitable tolling.

Likewise, Plaintiff's inability or delay in procuring counsel is not a sufficient excuse. In *Graham–Humphreys*, plaintiff's claims that she lacked assistance of counsel were held insufficient to warrant equitable tolling. In *McFarland v. Metro–North Commuter Railroad*, 993 F.Supp. 210 (S.D.N.Y.1998), the court recognized that a plaintiff's inability to obtain counsel is not a basis for equitable tolling. *See also, Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir.2000); *Rose v. Dole*, 945 F.2d 1331, 1333 (6th Cir.1991).

Perhaps Plaintiff's weakest excuse is the one dealing with copying. The closest analogous case is *Nguyen, supra*, where the court refused to allow the plaintiff to rely on an administrative delay to toll the limitations period. In *Marsh*, the court rejected plaintiff's claims that closure of a prison library somehow tolled the prescriptive period. In short, Plaintiff's allegations regarding copying problems demonstrate nothing more than a lack of diligence. This Court maintains that Plaintiff could have confirmed by telephone the number of copies required for filing. There are copy machines available in many commercial businesses, public libraries, and presumably the courthouse. Thus, this Court finds that Plaintiff's alleged copying problems are insufficient justification for equitable tolling.

## IV. Conclusion

Accordingly, Defendant's motion to dismiss plaintiff's complaint of employment discrimination is **granted**.